CARLSMITH BALL LLP

STEVEN M. EGESDAL        4511-0
DUANE R. MIYASHIRO       6513-0
American Savings Bank Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawai'i 96813
Tel. No. (808) 523-2500
Fax. No. (808) 523-0842
segesdal@carlsmith.com
dmiyashiro@carlsmith.com

**ORIGINAL**

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2012

at 3 o'clock and 50 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>                    Defendant. | CIVIL NO. CV12 00167 DAE KSC<br><br>DEFENDANT PETCO ANIMAL SUPPLIES STORES, INC.'S **NOTICE OF REMOVAL**; EXHIBITS A-G; CERTIFICATE OF SERVICE<br><br>(28 U.S.C. §§ 1332, 1441, 1446)<br><br><br>No Trial Date Set |

4833-6654-5423. 2

# DEFENDANT PETCO ANIMAL SUPPLIES STORES, INC'S NOTICE OF REMOVAL

TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant PETCO ANIMAL SUPPLIES STORES, INC. ("**PETCO**" or "**Defendant**") removes to the United States District Court for the District of Hawaii the state court action described below. Removal is based upon the following grounds:

## I. Procedural Background

1.   On February 13, 2012, Plaintiffs Gladys Kapuwai and Estelle Green ("**Plaintiffs**") filed a complaint against Defendant in the Circuit Court of the First Circuit in the State of Hawaii ("**Complaint**"). The Complaint is captioned *Gladys Kapuwai and Estelle Green v. Petco Animal Supplies Stores, Inc.* (Case No. 12-1-0042-02 ECN). The Summons and Complaint were received and signed for by Defendant's counsel (Duane R. Miyashiro) on **February 23, 2012**. A true and correct copy of the Complaint and the Summons and other papers served by Plaintiffs with that pleading are attached to this Notice as **Exhibit A**.

2.   Defendant has taken no action in the state court except for timely filing the Answer.[1] The state court has not entered any orders in that action.

---

[1] A true copy of the Answer is included within **Exhibit A**.

2.

## II. Jurisdictional Statement

3.  This is a civil case of which this Court has original jurisdiction under 28 U.S.C. § 1332.  Defendant is authorized to remove this action to this Court under 28 U.S.C. § 1441(a).

4.  Venue of this removal is proper under 28 U.S.C. § 1441(a).  This Court is the United States District Court for the district and division encompassing the state court where the action was pending.

5.  As explained below, this action satisfies the requirements for jurisdiction set forth in 28 U.S.C. § 1332(a):  (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) the requisite diversity exists.

**A.   The Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest or Costs.**

6.  The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

7.  In Count I of the Complaint, Plaintiffs allege that their respective dogs were injured while being groomed at Defendant's salon.  Pls. Compl. ¶¶ 8-12. Plaintiffs allege: "On seeing that their pets had been injured, Plaintiffs suffered *serious emotional distress and anxiety*."  Pls. Compl. at ¶16 (emphasis added). Plaintiffs seek tort damages for those alleged injuries.

8. In Count II of the Complaint, Plaintiffs allege: "In failing to disclose and concealing harm done to Plaintiffs' pets, Defendant committed an unfair act or practice in a conduct of trade or business causing injury and damages to Plaintiffs, in violation of Hawaii Rev. Stat. § 480-2."

9. Plaintiffs assert a cause of action for unfair and deceptive trade practices under Haw. Rev. Stat. ch. 480. Section 480-13 provides that a court may award treble damages, attorney's fees and costs "if the judgment is for the plaintiff." Haw. Rev. Stat. § 480-13(a), (b).

10. In calculating the amount in controversy, a court may consider both the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.[2] "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees are to be included in the amount in controversy."[3]

11. In Count III of the Complaint, Plaintiffs seek punitive damages. *See* Compl. at 3, ¶¶ 22-23. Although PETCO vigorously disputes punitive damages are warranted or available in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied.[4]

---

[2] *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

[3] *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

[4] *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (holding punitive damage should be taken into consideration in determining

12. Plaintiffs' prayer for punitive damages is based on their claim for negligence in Count I. Under Hawaii law, the elements of a negligence cause of action are: (1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required: a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.[5] Pls. Compl. at ¶¶ 6, 7, 9, 12, 17, 18.

13. Plaintiffs allege gross negligence, asserting that Defendant's conduct meets the general standard for punitive damages. Pls. Compl. at ¶ 23 ("The actions of Petco were committed willfully, in reckless disregard for the rights of Plaintiffs, and in a ***grossly negligent fashion*** ....") (emphasis added).

14. The Hawai'i Supreme Court has explained that standard: "In order to recover punitive damages, 'the plaintiff must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where

---

whether a defendant has satisfied the amount in controversy requirement); *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L.Ed. 15 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

[5] *Knodle v. Waikiki Gateway Hotel, Inc.*, 69 Haw. 376, 742 P.2d 377, 383 (Haw.1987).

there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.'"[6]

15. The standard for punitive damages encompasses gross negligence, the "entire want of care [raising] the presumption of indifference to consequences."[7]

16. Defendant may meet its burden for removal by presenting evidence that the amount of punitive damages that Plaintiffs seek will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000.[8]

17. In providing evidence to demonstrate the amount of punitive damages in controversy, the removing party may point to jury verdicts in analogous cases.[9] That cited analogous cases involve distinguishable facts is not dispositive. *Id.*

---

[6] *Ass'n of Apartment Owners v. Venture 15, Inc.*, 115 Hawai'i 232, 297, 167 P.3d 225, 290 (2007) (quoting *Masaki v. General Motors Corp.*, 71 Haw. 1, 16-17, 780 P.2d 566, 575 (1989)) (brackets omitted).

[7] *Mullaney v. Hilton Hotels Corp.*, 634 F.Supp.2d 1130, 1154 (D.Haw.2009) (quotations omitted); *see also Pancakes of Haw., Inc. v. Pomare Props. Corp.*, 85 Hawai'i 286, 293, 944 P.2d 83, 90 (Haw. Ct. App.1997) (defining gross negligence as "[i]ndifference to a present legal duty and utter forgetfulness of legal obligations so far as other persons may be affected." (citation and quotation signals omitted)); *Ditto v. McCurdy*, 86 Hawai'i 84, 92, 947 P.2d 952, 960 (1997) (determining that there was an abundance of clear and convincing evidence upon which the jury could rely to find that the doctor's care of the patient was "grossly negligent and therefore reckless and consciously indifferent to the consequences that could arise").

[8] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (setting preponderance of the evidence as the standard).

[9] *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (stating same).

18. Plaintiffs' counsel's website, **http://www.michaeljaygreen.com/attorneys/**, contains announcements of several multi-million dollar jury verdicts that he has obtained for other clients. *See* **Exhibit G** (copies of pages from website).

19. Plaintiffs have made a jury demand in this action. *See* **Exhibit A** [Pls. Complaint].

20. The jury verdicts in those cases amply demonstrate the potential for large punitive damage awards in emotional distress claims and alleged deceit claims concerning pets.

21. Defendant denies that it has any liability to Plaintiffs, but because Plaintiffs have requested punitive damages and may be awarded over $75,000 in punitive damages if Plaintiffs prevail in obtaining compensatory damages, the amount in controversy exceeds $75,000.

22. Defendant has asked Plaintiffs to quantify their damages; Plaintiffs have refused. **Exhibits B and C**, respectively.[10] Plaintiffs' counsel first said that

---

[10] The parties' correspondence is competent evidence on the amount in controversy. *See Faulkner v. Astro–Med, Inc.*, 1999 WL 820198, *3 (N.D. Cal. 1999) ("A defendant may present evidence of settlement demands when attempting to prove federal subject matter jurisdiction."); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ( Federal Rule of Evidence 408 does not disallow reliance on settlement letters to assess amount in controversy). The correspondence is offered to indicate Plaintiffs' assessment of the value of their claims, not to establish any liability. *Cohn*, 281 F.3d at 840 n.3.

he needed to know Defendant's insurance limits, so Defendant provided Plaintiff's counsel that information. **Exhibit D.**[11] Then Plaintiffs' counsel said that he would "provide a dollar amount upon review of discovery in this matter." **Exhibit E.**

23. Defendant then asked Plaintiffs to stipulate that "their claims are worth less than $75.000.00," by **March 23, 2012. Exhibit F.**

24. As of the filing of this Petition on **March 23, 2012**, Plaintiffs have refused to stipulate that "their claims are worth less than $75,000.00" That refusal creates an inference that Plaintiffs believe that their claims are worth more than that sum.[12]

25. This action involves highly volatile issues concerning "man's best friend." When Plaintiffs filed their Complaint in February 2012--and they apparently disclosed its allegations to the press--the story set off a firestorm of mass media attention in Hawaii and across the United States. The Court can take judicial notice of those numerous reports of the alleged incident, easily found on-line.

---

[11] The amount of Defendant's insurance limits has been redacted.

[12] *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F.Supp.2d 896, 903 (S.D. Ill. 2010) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006), *quoting Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) ("[I]f the [plaintiff] does not stipulate to damages of $75,000 or less, 'the inference arises that he thinks his claim may be worth more.'") (bracket language supplied to correct apparent typographical error in *Walsh Chiropractic*).

26. This action involves issues that generate a *great* emotional response, a key factor for large jury awards for punitive damages. Factoring the mass media firestorm with PETCO's substantial corporate assets shows the great potential for an award of punitive damages in this action far in excess of $75,000.

27. Accordingly, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is met.

**B.   The Requisite Diversity Exists.**

28. Diversity exists under 28 U.S.C. § 1332(a) and (c), and 28 U.S.C. § 1441(b). The Complaint alleges that the Plaintiffs each are "citizens and residents of the City and County of Honolulu, State of Hawaii." Under 28 U.S.C. § 1332(c), a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."

29. At the time Plaintiffs commenced this action and as of the date of this Notice of Removal, Defendant has continuously been incorporated under the laws of the State of Delaware with its principal place of business and nerve center in San Diego, California. *See* Def. Answer to Compl. at ¶ 6.

30. At present, the Ninth Circuit applies "two tests to determine the state of a corporation or partnership's principal place of business."[13]

> First we apply the "place of operations" test. Under that test, a corporation's principal place of business is the state

---

[13] *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028–29 (9th Cir. 2009).

> containing "'substantial predominance of corporate operations.'" If no state contains a "substantial predominance" of corporate operations, we apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed."[14]

Regardless of how corporate citizenship is reckoned, Defendant's citizen is completely diverse from Plaintiffs.

31. In sum, Plaintiffs are citizens of Hawaii, while the Defendant is not a citizen of Hawaii. The amount in controversy exceeds $75,000, exclusive of costs and interest. The Court has diversity jurisdiction under 28. U.S.C. § 1332.

### III. Removal Procedure

32. Under 28 U.S.C. § 1446(a), all process, pleadings, and other papers received by Defendant in the state court action, including the Complaint (and the Answer), are attached to this Notice of Removal as **Exhibit A**.

33. This Notice of Removal is timely under 28 U.S.C. § 1446(b). It is filed within 30 days of Defendant's receipt of the initial pleading. "Receipt" of the Complaint means proper service as required by state law; any other means of "receipt" is insufficient to trigger the removal period.[15] Defendant "received" the

---

[14] *Id.* (quoting *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001)).

[15] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 354, 119 S.Ct. 1322, (1999) (holding that faxed file-stamped copy of complaint did not trigger removal period).

Complaint in this action when it was served by hand-delivery on its counsel on February 23, 2012. Defendant files this Notice of Removal on March 23, 2012, within the 30-day deadline set forth in 28 U.S.C. § 1446(b).

34. Defendant promptly will serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, with the clerk of the Circuit Court of the First Circuit of Hawaii, under 28 U.S.C. § 1446(d).

DATED: Honolulu, Hawaii, March 23, 2012.

/s/ Steven M. Egesdal

STEVEN M. EGESDAL
DUANE R. MIYASHIRO

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.