MICHAEL JAY GREEN   4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347

Attorney for Plaintiffs
GLADYS KAPUWAI
and ESTELLE GREEN

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 FEB 13 PM 2:32

J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN,<br><br>Plaintiffs,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>Defendant. | CIVIL NO. 12-1-0422-02  CN<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiffs GLADYS KAPUWAI and ESTELLE GREEN, for a claim for relief against PETCO ANIMAL SUPPLIES STORES, INC. ("Petco"), allege:

COUNT I

1. Plaintiffs GLADYS KAPUWAI and ESTELLE GREEN are citizens and residents of the City and County of Honolulu, State of Hawaii.

2. Defendant Petco is a company, entity, or other business engaging in business as PETCO Kaneohe Windward.

3. As a part of its business, Petco provides pet grooming services.

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT A**

4. Petco holds itself out as being competent and capable of providing professional pet stylist services and recommends that professional pet stylists services be provided to help maintain the health and beauty of a pet.

5. Each of the Plaintiffs entrusted their pets to Defendant.

6. Defendant owed a duty to each of the Plaintiffs to use due care in the handling of Plaintiffs' pets.

7. Defendant negligently breached its duties.

8. Gladys Kapuwai's pet, Dodo, was entrusted to Petco in or about July, 2011.

9. In the process of grooming or styling Kapuwai's pet, Defendant negligently injured the pet and cut off the portion of the pet's ear.

10. In an effort to conceal and to cover up Defendant's negligence, Defendant attempted to reattach, glue, or sew said ear back on, concealed the matter, and failed to disclose said matter to Kapuwai.

11. Estelle Green entrusted her pet, Hope, to Petco in or about 2011.

12. As a result of the negligence of Petco, Estelle Green's pet suffered numerous injuries, including cut eye lashes and whiskers and bleeding toes, the tip of Hope's tail was cut off and bleeding, and the pet was returned in a filthy condition.

13. Petco owed a contractual obligation to use due care and reasonable competence in the handling of Plaintiffs' pets.

14. Defendant breached its contractual agreements with Plaintiffs.

15. Defendant negligently hired, trained, and retained the stylist or workers who Defendant utilized to care for Plaintiffs' pets.

16. On seeing that their pets had been injured, Plaintiffs suffered serious emotional distress and anxiety.

17. Defendant knew that its negligence and breaches forseeably would cause emotional harm and distress to Plaintiffs.

18. Plaintiffs have been damaged in such amounts as shall be shown, including special damages incurred in attempting to diagnose and to address the problems created by Defendant.

COUNT II

19. Plaintiffs repeat and reallege each of the above allegations.

20. In failing to disclose and concealing the harm done to Plaintiffs' pets, Defendant committed a unfair act or practice in a conduct of a trade or business causing injury and damages to Plaintiffs, in violation of H.R.S. § 480-2.

21. Plaintiffs were consumers within the meaning of H.R.S. Chapter 480 and were injured.

COUNT III

22. Plaintiffs repeat and reallege each of the above allegations.

23. The actions of Petco were committed willfully, in reckless disregard for the rights of Plaintiffs, and in a grossly negligent fashion, warranting an award of exemplary or punitive damages in such amounts as shall be shown.

WHEREFORE, Plaintiffs pray for awards of actual, general, special, and punitive or exemplary damages in an amount to be shown, together with such other and further relief as the Court deems just and proper in the circumstances.

DATED: Honolulu, Hawaii, \_\_\_2/10\_\_\_, 2012.

_____
MICHAEL JAY GREEN
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury by trial.

DATED: Honolulu, Hawaii, \_\_\_2/10\_\_\_, 2012.

_____
MICHAEL JAY GREEN
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN, | ) ) ) | CIVIL NO. 12-1-0422-02 (Other Civil Action) |
| Plaintiffs, | ) ) ) | SUMMONS |
| vs. | ) ) ) | |
| PETCO ANIMAL SUPPLIES STORES, INC., | ) ) ) ) | |
| Defendant. | ) ) ) | |

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to file with the court and serve upon Michael Jay Green, Plaintiffs' attorney, whose address is stated above, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii,    FEB 1 3 2012 _____.

KIDO

_____
CLERK OF THE ABOVE-ENTITLED COURT

3/27                                                                              06314-1

| STATE OF HAWAI'I CIRCUIT COURT OF THE **FIRST** CIRCUIT | RETURN AND ACKNOWLEDGMENT OF SERVICE | CASE NUMBER Civil No. **12-1-0422-02 (ECN)** |
|---|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN, Plaintiffs. | | PETCO ANIMAL SUPPLIES STORES, INC., Defendant. |

DOCUMENTS SERVED: COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS

I, ~~Sheriff/Police~~ Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on PETCO ANIMAL SUPPLIES STORES, INC.
(name of party)
on _____ (date) at _____ (time) at Ste. 2200, ASB Tower
1001 Bishop Street, Honolulu, Hawaii 96813
(address) _____ within the State of Hawai'i as follows:

☐ **PERSONAL:** By delivering to and leaving with _____, personally.

☐ **SUBSTITUTE:** [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

☐ **SUBSTITUTE:** [HRCP 4(d) (1) (B)] I served above-named defendant through Duane R. Miyashiro, authorized agent to receive service of process for said defendant.

☑ **BUSINESS/CORPORATION/GOVERNMENTAL ENTITY:** On PETCO ANIMAL SUPPLIES STORES, INC.
(name of business/corp/entity)
_____ by serving through _____
(name of person served)
_____, who is the Attorney
(postition/title) and authorized agent of said Business/Corporation/Governmental Entity.

☐ **GARNISHMENT:** I served _____ through _____
(name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
(name of person served)

☐ **NOT FOUND:** After due and diligent search and inquiry, I am unable to find _____.
(name of party)

Attorney (Name, I.D. No., Address, Phone)
MICHAEL JAY GREEN   4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336   Fax: (808) 566-0347

| Date: | ~~Sheriff/Police~~ Officer (type or print) | Signature |
|---|---|---|

FORM NO. 001103 (7/91)                                                    RETURN AND ACKNOWLEDGMENT OF SERVICE 1C-P-022
CommonLook®
508 Certified

| SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: | NOTARY PUBLIC'S SIGNATURE: | MY COMMISSION EXPIRES: |
|---|---|---|
| IN _____, HAWAI'I | STATE OF HAWAI'I | |

ACKNOWLEDGMENT OF SERVICE

_Duane R. Miyashiro_ _____ 2/29/12      10:50 a.m.
(signature of person served)                (date)         (time)

Attorney for PETCO

CARLSMITH BALL LLP

STEVEN M. EGESDAL   4511-0
DUANE R. MIYASHIRO   6513-0
American Savings Bank Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawai'i 96813
Tel. No. (808) 523-2500
Fax. No. (808) 523-0842

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 MAR 15 AM 10: 16

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN,<br><br>          Plaintiffs,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>          Defendant. | CIVIL NO. 12-1-0422-02 ECN<br><br>DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FILED FEBRUARY 13, 2012; CERTIFICATE OF SERVICE |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
FILED FEBRUARY 13, 2012**

Defendant PETCO Animal Supplies Stores, Inc. ("**PETCO**") answers the Complaint of Plaintiffs Gladys Kapuwai and Estelle Green (together, the "**Plaintiffs**") filed February 13, 2012, as follows:

**FIRST DEFENSE**

1.    The Complaint fails to state a claim upon which relief can be granted against PETCO. The material allegations of the Complaint are false or fabricated.

## SECOND DEFENSE

2.  PETCO admits the allegations of paragraph 3 of the Complaint.

3.  PETCO denies the allegations of paragraphs 7, 15, 16, 17, 18, 20, 21, and 23 of the Complaint.

4.  PETCO is without information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint; PETCO therefore denies those allegations.

5.  For the allegations of paragraphs 19 and 22 of the Complaint, those paragraphs reallege and reincorporate earlier allegations in the Complaint; PETCO likewise realleges and incorporates its responses to those realleged and reincorporated allegations.

6.  For the allegations of paragraph 2 of the Complaint, PETCO admits that it is a Delaware corporation, with its principal place of business in California. PETCO is authorized to do business, and is doing business, in Hawaii, including at a store located in Kaneohe. PETCO denies the remaining allegations of paragraph 2.

7.  For the allegations of paragraph 4 of the Complaint, PETCO admits that it advertises and represents that it offers grooming services to the public. PETCO denies the remaining allegations of paragraph 4.

8.  For the allegations of paragraph 5 of the Complaint, PETCO admits that the Plaintiffs contractually engaged PETCO to provide grooming services for their respective dogs. PETCO denies the remaining allegations of paragraph 5.

9.  For the allegations of paragraph 6 of the Complaint, PETCO asserts that the allegations call for a legal conclusion. PETCO admits that it used due care in grooming the Plaintiffs' respective dogs. PETCO denies the remaining allegations of paragraph 6.

10. For the allegations of paragraph 8 of the Complaint, PETCO admits that in July 2011 PETCO provided grooming services to Gladys Kapuwai for a dog, Dodo. PETCO denies the remaining allegations of paragraph 8.

11. For the allegations of paragraph 9 of the Complaint, PETCO admits that it plucked ear hair from the ears of Gladys Kapuwai's dog, but PETCO denies that the dog was "injured," or that any portion of the dog's ear was "cut off." That allegation shows a glaring ignorance of canine anatomy and behavior. PETCO denies the remaining allegations of paragraph 9.

12. For the allegations of paragraph 10 of the Complaint, PETCO denies the allegations and affirmatively asserts: a PETCO groomer did not cut any part of Gladys Kapuwai's dog, and the Plaintiffs' allegation that PETCO "attempted to reattach, glue, or sew said ear back on" shows a glaring ignorance of canine anatomy and behavior. PETCO denies the remaining allegations of paragraph 10.

13. For the allegations of paragraph 11 of the Complaint, PETCO admits that PETCO provided grooming services to Estelle Green for her dog, Hope, in July 2011. PETCO denies the remaining allegations of paragraph 11.

14. For the allegations of paragraph 12 of the Complaint, PETCO admits that in the process of grooming Estelle Green's dog, the dog's tail was nicked. The nicking was due to the heavy matting and unkempt condition of the dog's coat. PETCO denies the remaining allegations of paragraph 12.

15. For the allegations of paragraph 13 of the Complaint, PETCO asserts that the allegations call for a legal conclusion, and PETCO admits that it used due care in grooming the Plaintiffs' respective dogs. PETCO denies the remaining allegations of paragraph 13.

16. For the allegations of paragraph 14 of the Complaint, PETCO asserts that the allegations call for a legal conclusion. PETCO admits that the Plaintiffs contractually engaged PETCO to provide grooming services for their respective dogs. PETCO denies the remaining allegations of paragraph 14.

## THIRD DEFENSE - AFFIRMATIVE DEFENSES

17. Count I is a count for alleged negligent infliction of emotional distress ("NIED"). Under applicable Hawaii law, an NIED claim must show: "a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Here, Estelle Green's learning that her dog's tail had been nicked during grooming does not meet that controlling standard for an NIED claim. Gladys Kapuwai's dog's ears were not injured while in the care of PETCO; accordingly, there is no basis for a viable NIED claim concerning Gladys Kapuwai's dog.

18. Count II is a count for alleged unfair and deceptive trade practices under HRS § 480-2. Estelle Green is barred from maintaining any action under HRS § 480-2. PETCO staff informed Estelle Green fully and fairly about the condition of her dog, when Estelle Green picked up her dog at PETCO's Kaneohe store after it was groomed. Accordingly, Estelle Green has no basis for a viable unfair and deceptive trade practice concerning any alleged injury to her dog. Gladys Kapuwai's dog's ears were not injured while in the care of PETCO; she was shown her dog's ears when she picked up her dog at PETCO's Kaneohe store after it was groomed. Accordingly, Gladys Kapuwai has no basis for a viable unfair and deceptive trade practice claim under HRS § 480-2 concerning any alleged injury to her dog's ear.

19. Count III is a purported count for "exemplary or punitive damages." That is not a viable cause of action under applicable Hawaii law. That purported count is only a kind of relief

for certain torts, if certain conduct is proven. Count III therefore is improperly pled as a cause of action; it is frivolous, and fatally subject to a dispositive motion.

20. The Plaintiffs are barred from maintaining this action based upon the Plaintiffs' respective contributory or comparative negligence, including, without limitation, their inattentive or incompetent care for their respective dogs. Estelle Green's dog suffered a chronic condition on its tail caused by heavy matting, for lack of care. Gladys Kapuwai's dog had excessive hair growth in its ears, for lack of care.

21. The claims alleged in the Complaint are barred in whole or in part by the lack of legal or proximate cause. Gladys Kapuwai also is barred from maintaining this action based upon the doctrine of supervening, interceding cause. If Gladys Kapuwai's dog's ear was injured as alleged in the Plaintiffs' Complaint, then that injury occurred *after* her dog left PETCO in her care, on the day that her dog was groomed at PETCO's Kaneohe store. Gladys Kapuwai was shown her dog's ears when she picked up her dog, and her dog showed no injury to either ear, anatomically or behaviorally, including when her dog was playing with her granddaughter at the PETCO store.

22. Estelle Green is barred from maintaining this action based upon the doctrine of unclean hands. This Bentley-driving dog-owner repeatedly called the PETCO store within a few days of her dog's grooming and demanded, "I need to be compensated! I need to be compensated!" Her marriage to a flamboyant personal injury/criminal defense lawyer apparently has distorted her worldview: she sees the minor nicking of her dog's unkempt tail during its grooming as a lottery ticket or a pay day.

23. The Plaintiffs are barred from maintaining any action based on negligent infliction of emotional distress because the facts do not support a finding of "serious emotional

distress," as required under applicable Hawaii law. Their medical records, medical examinations, and prior medical history, among other evidence, will show that they have not suffered "serious emotional distress," as a result of the grooming incidents with their respective dogs.

24.   The Plaintiffs are barred from maintaining this action for failing to exercise reasonable diligence to mitigate their damages, if, in fact, they suffered any damages.

25.   The Plaintiffs are barred from maintaining this action in whole or in part by the Plaintiffs' bad faith, fraud, misrepresentations, or any or all of those.

26.   PETCO's breach of any duty owed to the Plaintiffs, if any, is excused by the Plaintiffs' breach of duties owed to PETCO.

27.   PETCO's conduct was not a substantial factor in causing the Plaintiffs' injuries or damages, if any.

28.   Gladys Kapuwai's injuries or damages, if any, were caused by a third party (or third parties) not named in the action.

29.   The Plaintiffs are barred from maintaining any claims against PETCO based upon the doctrines of estoppel, waiver, release, or consent.

30.   The Plaintiffs are barred from maintaining this action against PETCO based upon the doctrine of voluntary assumption of a known risk.

31.   The Plaintiffs are barred from maintaining this action in whole or in part by the doctrine of unjust enrichment.

32.   The Plaintiffs are barred from maintaining this action in whole or in part by the doctrine of laches.

33. The Plaintiffs are barred from recovering special damages for their failure to comply with Rule 9(g) of the Hawaii Rules of Civil Procedure.

34. PETCO asserts each and every applicable affirmative defense as provided for by statute, common law, and Rule 8(c) of the Hawaii Rules of Civil Procedure.

35. PETCO hereby denies every other allegation in the Plaintiffs' complaint not expressly admitted in this answer.

WHEREFORE, PETCO prays as follows:

A. The court should dismiss the Complaint, with prejudice;

B. The court award PETCO all of its costs and reasonable attorney's fees; and

C. The court award such other and further relief that this court deems just and proper.

DATED: Honolulu, Hawaii, March 15, 2012.

/s/ Steven M. Egesdal

STEVEN M. EGESDAL
DUANE R. MIYASHIRO

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GLADYS KAPUWAI and ESTELLE GREEN, | CIVIL NO. 12-1-0422-02 ECN (Declaratory Judgment) |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| PETCO ANIMAL SUPPLIES STORES, INC., | |
| Defendants. | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document will be duly served on the following by hand delivery on this date:

Michael Jay Green, Esq.
841 Bishop Street, Suite 2201
Honolulu, HI 96813

Attorneys for Plaintiffs
GLADYS KAPUWAI and ESTELLE GREEN

DATED: Honolulu, Hawai'i, March 15, 2012.

STEVEN M. EGESDAL
DUANE R. MIYASHIRO

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

4845-4552-7054.3